**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NEHOMAR ENRIQUE COLINA-RODRIGUEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03423-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# <u>ORDER</u>

Petitioner Nehomar Enrique Colina-Rodriguez petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Because Petitioner's detention does not violate the Due Process Clause of the U.S. Constitution, the petition is DENIED.

## Background

Petitioner, a citizen of Venezuela, entered the United States illegally around May 3, 2023. (**Doc. 1**, pp. 1, 7). He was allegedly released on his own recognizance on May 4, 2024. (***Id.*** at p. 7). On May 4, 2024, DHS allegedly issued Petitioner a Notice to Appear, which charged him with removability. (***Id.***). Petitioner allegedly applied for asylum in 2025. (***Id.***). He was arrested by Immigration and Customs Enforcement ("ICE") on June 26, 2026. (***Id.*** at 8). He is currently detained at the Greene County Jail in Springfield, Missouri. (***Id.*** at 9). Petitioner requests the Court order his immediate release or, alternatively, a bond hearing. (***Id.*** at 17).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). "Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to

establish by a preponderance of the evidence that he is entitled to relief." ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979). Petitioner fails to carry the burden. His mandatory detention does not violate the Due Process Clause.

## I. Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.

The Fifth Amendment "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993). Fundamental liberty interests are those that are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty no justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a petitioner raises a substantive due process claim, they must carefully describe the fundamental liberty interest at issue. ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). A statute regulating liberty interests that are not fundamental must merely be "rationally related to legitimate government interests" to be constitutional. ***Id.*** at 728. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." ***Zadvydas***, 533 U.S. at 690 (citation omitted). Detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens. ***Demore v. Kim***, 538 U.S. 510, 523-26 (2003).

Petitioner argues that his detention violates substantive due process because his liberty interest in freedom from physical confinement is fundamental. (**Doc. 1**, p. 12). But he fails to provide a "careful description" of the fundamental liberty interest implicated by his detention. *See* ***Glucksberg***, 521 U.S. at 721. Removable aliens do not have a fundamental liberty interest in

release pending deportation proceedings; before 1907, there was no provision permitting bail for *any* aliens during this period. *See* ***Demore***, 538 U.S. at 523, n.7. *See also* ***Romero v. Brown*** 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit has held detention pending removal proceedings constitutional when "deportation is still on the table." *See* ***Baynee v. Garland***, 115 F.4th 928, 931-33 (8th Cir. 2024). Detention pending removal proceedings is rationally related to a legitimate government interest: successful removal of inadmissible aliens who are ordered removed. *See* ***Demore***, 538 U.S. at 528.

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner also asserts that his detention violates procedural due process. (**Doc. 1**, pp. 10-14). He claims the Government violated his due process rights by failing to provide a guaranteed individualized custody determination. (***Id.*** at 13-14). But aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute." *See* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 107 (2020). Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), which requires detention pending removal proceedings. He acknowledges that § 1225(b)(2)(A) applies to him and does not ask the Court to disregard the Eighth Circuit's binding decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), regarding the applicable statutory scheme. (**Doc. 1**, pp. 14-16). Because the legislative scheme provides for mandatory detention, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

## Conclusion

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b). His mandatory detention does not violate constitutional due process protections. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2026