**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| NEHOMAR ENRIQUE COLINA-RODRIGUEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03423-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Nehomar Enrique Colina-Rodriguez petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that Respondents (collectively, "the Government") violated his right to procedural due process. (***Id.*** at p. 10). Petitioner requests that the Court order his immediate release or, alternatively, a bond hearing. (***Id***. at p. 17). Because the Government did not violate Petitioner's right to procedural due process, the petition is DENIED.

**Background**

Petitioner, a citizen of Venezuela, entered the United States illegally in 2023. (**Doc. 1**, pp. 1, 7). He was allegedly released on his own recognizance. (***Id***. at p. 7). DHS allegedly initiated removal proceedings. (***Id***.). Petitioner allegedly applied for asylum in 2025. (***Id***.). On June 26, 2026, he was arrested by Immigration and Customs Enforcement ("ICE"). (***Id***. at p. 8). He is currently detained at the Greene County Jail in Springfield, Missouri under 8 U.S.C. § 1225(b)(2)(A). (***Id***. at p. 9).

On July 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his right to procedural due process when it revoked his release and re-detained him. (***Id.*** at p. 10). He argues that his initial release created a liberty

interest that DHS may not revoke without notice, a hearing, or a showing of changed circumstances. (***Id.***).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process.

## I. Petitioner's re-detention did not violate procedural due process because the legislative scheme permitted it.

Petitioner agrees that he is detained under Section 1225(b)(2)(A), which requires detention of "applicant[s] for admission" pending removal proceedings. (**Doc. 1**, p. 2); **8 U.S.C. § 1225(b)(2)(A)**. But he claims that "the Due Process Clause independently constrains" the Government's authority to revoke his release and re-detain him. (**Doc. 1**, p. 10). He says that his initial release gave him a liberty interest, which the Government may not suspend without notice, a hearing, or a showing of changed circumstances. (***Id.***). But his release did not bestow lawful admission. *See* ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026) ("Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made

a lawful entry into the country."); ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) (holding that an alien lawfully present in the United States had not been admitted). So the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Petitioner offers no evidence to support his petition. *See* ***Johnson v. Mabry***, 602 F.2d at 171 (discussing the burden of proof in habeas proceedings). And he cites no statutory authority supporting his argument. He cites 8 C.F.R. § 1236.1(c)(9), claiming that no official authorized by that regulation revoked his release. (**Doc. 1**, p. 11). But even if he presented evidence of that alleged transgression, as discussed, statute authorized his re-detention. And statute governs here. *See* ***Thuraissigiam***, 591 U.S. at 140.

He also cites case law discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention

during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Id.*** at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** And district court cases holding the contrary do not move the needle. *See* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Petitioner's procedural due process claim fails because the legislative scheme authorized his re-detention.

**Conclusion**

The Government did not violate Petitioner's right to procedural due process when it revoked his release and re-detained him. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2026